IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN CURRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 16-cv-820- SMY |
| ) | |
| ) | |
| KIMBERLY S. BUTLER, ) | |
| WILLIAM A. SPILLER, ) | |
| KENT E. BROOKMAN, ) | |
| TODD BROOKS, ) | |
| E. GEE, ) | |
| C/O ANTHONY, and ) | |
| C/O BUMP ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff, an inmate at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages and injunctive relief for failure to protect and deliberate indifference to Plaintiff's safety under the Eighth and Fourteenth Amendments. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, and for consideration of Plaintiff's request for injunctive relief, contained in the Complaint. (Doc. 1). Because Plaintiff seeks a preliminary injunction based on threats to his safety and security, the Court will immediately take up the case. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

Section 1915A provides:

(a) **Screening**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff received a threatening letter on January 14, 2015 stating that "the boys" would get him the next time they came across him and that they knew where his family lived. (Doc. 1, p. 6). Plaintiff filed an emergency grievance which was sustained, and on January 28, 2015, he met with Defendant Anthony of internal affairs to discuss the letter. (Doc. 1, p. 6). Plaintiff told Anthony that he was a "Black Striper" and that he assumed the letter came from members of the

Black Disciples. (Doc. 1, p. 6). Plaintiff requested protective custody, but it was denied because Anthony could not confirm the origins of the letter. (Doc. 1, p. 6-7). Plaintiff was ultimately housed in general population.

On February 13, 2016, Brooks sent Plaintiff and the other Black Stripers to the gym with general population. (Doc. 1, p. 7). Plaintiff alleges that he is supposed to stay with other Black Stripers at all times and not mix with general population inmates. (Doc. 1, p. 7). Plaintiff was assaulted while using the gym restroom by three other inmates. The following day, two of those inmates attacked him again. (Doc. 1p. 7).

Spiller interviewed Plaintiff regarding the second assault, and Plaintiff reported the first assault at that time. (Doc. 1, p. 8). He requested that the inmates who assaulted him be added to his keep safe from ("KSF") list. (Doc. 1, p. 8).

Plaintiff was interviewed by Defendant Bump, who asked him whether he was "cool" with two of the inmates who assaulted him. (Doc. 1, p. 8). Plaintiff said he was not cool with those inmates. (Doc. 1, p. 8). Bump then told Plaintiff that he could never go back to the west cell house and that his life was in danger. (Doc. 1, p. 8). Bump further told Plaintiff that Menard's protective custody unit was not as secure as Pontiac Correctional Center's and that Bump would see about getting Plaintiff transferred. (Doc. 1, p. 8). Plaintiff told Bump he wanted to be kept separate from the inmates that assaulted him and Bump assured him that it would be done. (Doc. 1, p. 8).

Plaintiff received a ticket for fighting and he went before Defendant Brookman and the adjustment committee. (Doc. 1, p. 9). Plaintiff told the adjustment committee that he had received a threatening letter in January and did not go into the restroom to facilitate the fight. (Doc. 1, p. 9). He repeated his request to Brookman that inmates who assaulted him be added to

his keep separate from list and requested a transfer. (Doc. 1, p. 9). Brookman told Plaintiff "I am not doing nothing," and found him guilty. (Doc. 1, p. 9). Plaintiff was then placed in segregation. (Doc. 1, p. 9).

While in segregation, Plaintiff continued to request a transfer. (Doc. 1, p. 9). On March 7, 2016, Gee came to his cell and loudly requested the threatening letters in Plaintiff's possession. (Doc. 1, p. 10). Plaintiff alleges that this action put him in jeopardy of being labeled a snitch. (Doc. 1, p. 10). He denied having any more letters and repeated his request that the inmates who assaulted him be added to his KSF list. (Doc. 1, p. 10). Gee told Plaintiff "you're on your own." (Doc. 1, p. 10).

On March 25, 2016, Plaintiff was transferred to six gallery, where two of the inmates who assaulted him were housed, despite having requested that they be added to his KSF list to Spiller, Bump, Gee, Brookman and Butler. (Doc. 1, p. 10). On March 27, 2016, Plaintiff saw two of his assailants on another yard. (Doc. 1, p. 11). Since they were physically separated from him, Plaintiff decided he was safe, but one of his assailants yelled "Take care of that business." (Doc. 1, p. 11). An inmate coming on to the yard immediately sucker punched Plaintiff, starting another fight. (Doc. 1, p. 11). Both inmates were sprayed with pepper spray. (Doc. 1, p. 11).

Plaintiff was taken to internal affairs. He requested a shower to get the spray out of his eyes, but Gee told him that he had to answer questions first. (Doc. 1, p. 11). Plaintiff repeated his previous claim that he had a hit on him and asked Gee why he was on the same gallery as some of his former assailants. (Doc. 1, p. 11). Gee told him that was placement's call. (Doc. 1, p. 11). Plaintiff was then taken to a box cell and denied a shower and a change of clothes. (Doc. 1, p. 11).

Plaintiff was then assigned to two gallery, where he came across another enemy. (Doc. 1, p. 12). That inmate told others on the gallery that Plaintiff was a snitch and that his friend "kicked Plaintiff's ass." (Doc. 1, p. 12). Plaintiff complained to Brookman at the hearing on his disciplinary ticket that he is still in danger due to gang activity and needed to be transferred. (Doc. 1, p. 12-13). Butler denied Plaintiff's emergency grievance on the grounds that he was already in segregation and could request protective custody when he was released. (Doc. 1, p. 13). Plaintiff alleges that he is in danger in segregation. (Doc. 1, p. 13).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1**: Anthony and Butler failed to protect Plaintiff in violation of the Eighth Amendment when they did not substantiate the threat against Plaintiff, which resulted in Plaintiff being assaulted on February 13 and February 14 2016
>
> **Count 2:** Brooks failed to protect Plaintiff in violation of the Eighth Amendment when he sent the Black Stripers to the gym along with members of general population, when he knew that mixing those groups could lead to violence, resulting in Plaintiff being assaulted on February 13, 2016
>
> **Count 2:** Spiller, Bump, Brookman, Gee, and Butler failed to protect Plaintiff in violation of the Eighth Amendment when they did not act to keep Plaintiff safe from his assailants, which resulted in Plaintiff being assaulted on March 27, 2016

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a

5

plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Plaintiff has alleged that he repeatedly and insistently reported threats to his personal safety to the defendants. He further alleges that the defendants improperly failed to substantiate the threats and left Plaintiff exposed to potential assailants by failing to keep him separate from general population, housing him with his enemies and putting him at risk by highlighting his cooperation with internal affairs. This is sufficient to state a claim, and **Counts 1-3** will proceed in this action.

However, Plaintiff's claims against Butler in her individual capacity must be dismissed. Under § 1983, "a government official is only liable for his or her own misconduct." *E.g.*, *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). The fact that a counselor, grievance officer, or even a supervisor received a complaint about the actions of another individual does not create liability in the absence of the requisite mental state. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). An officer must be deliberately indifferent, that is they must know about the unconstitutional conduct and facilitate, approve, condone or turn a blind eye. *Vance v. Peters*, 97

F.3d 987, 992-93 (7th Cir. 1996) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Therefore, correspondence can be the basis of a § 1983 claim if the correspondence tends to show that an official knew about unconstitutional conduct and refused to exercise the authority of his or her office to stop it. *Perez*, 792 F.3d 782.

Here, Plaintiff has pled himself out of court. While he alleges that he sent Butler two emergency grievances regarding his fears of being assaulted, he also alleges that she sustained both of them and referred his complaints to internal affairs for investigation. He further alleges that internal affairs then investigated. Butler is entitled to rely on her subordinates to carry out directives and administer the prison. *See Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998) ("A warden is not liable for an isolated failure of [her] subordinates to carry out prison policies . . . unless the subordinates are acting (or failing to act) on the warden's instructions."). She need not personally see to inmate complaints. Here, Butler instructed her subordinates to act in response to Plaintiff's complaints. Plaintiff alleges that the measures they took were inadequate, but has not pled that they took the inadequate measures at Butler's behest. As such, Butler cannot be held liable in her individual capacity, and **Counts 1 and 3** will be dismissed as to her. However, as Plaintiff has a claim for injunctive relief, Butler remains a party in her official capacity only.

<u>**INJUNCTIVE RELIEF**</u>

The Court cannot say that a preliminary injunction should be denied outright at this time. Plaintiff has alleged that he has been assaulted at least three times, and has further alleged that he is at risk for further assaults, which may result in injuries or death. Therefore, further consideration of this request is warranted.

Accordingly, the Clerk is **DIRECTED** to add a motion for preliminary injunction as a separate docket entry. Further, Plaintiff's request for a **PRELIMINARY INJUNCTION** is **REFERRED** pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72. 1(c) to **United States Magistrate Judge Philip Frazier**, who shall resolve the request as soon as practicable. If it becomes apparent that further action is necessary, the undersigned judge should be notified immediately. Any motions filed after the date of this Order that related to this request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to **United States Magistrate Judge Frazier.**

### DISPOSITION

**IT IS ORDERED** that **Counts 1** and **3** shall be dismissed with prejudice against Butler only. Butler shall remain in this case in her official capacity only for the purposes of injunctive relief. **Counts 1** and **3** shall proceed against all other Defendants named in those counts.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Butler, Spiller, Brookman, Brooks, Gee, Anthony and Bump: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the

Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 5, 2016**

s/ STACI M. YANDLE
**U.S. District Judge**
