### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| STEVEN CURRY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 16-CV-820-SMY-RJD** |
| | ) | |
| KIMBERLY S. BUTLER et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Reona J. Daly (Doc. 47).  Judge Daly recommends that the undersigned deny Plaintiff's motions for preliminary injunctive relief (Docs. 7, 10, and 33).  Plaintiff filed a timely objection (Doc. 55).  For the following reasons, the Court **ADOPTS** Judge Daly's Report and Recommendation in its entirety.

### Background

Plaintiff Steven Curry, an inmate currently incarcerated at Menard Correctional Center ("Menard"), filed this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary and injunctive relief in the form of a transfer to another prison facility for failure to protect and deliberate indifference to his safety pursuant to the Eighth and Fourteenth Amendments.  Specifically, Plaintiff alleges that he has received threats from members of the Black Disciples, a prison gang.  The first incident occurred in January 2015, when Plaintiff received an unaddressed threatening letter; the next incidents occurred in February 2016, when Plaintiff was involved in two separate altercations with members of the Black Disciples; the final incident occurred in March 2016, when Plaintiff was involved in an altercation with another inmate.  All three altercations resulted in Plaintiff receiving segregation.

Plaintiff is currently located in disciplinary segregation until August 2017. Other than the alleged threats and the three isolated altercations, there have been no incidents of inmates attempting to harm Plaintiff. Following an evidentiary hearing on Plaintiff's motion, Judge Daly issued her Report and Recommendation.

The Report and Recommendation sets forth the nature of the evidence presented by the parties as well as the applicable law. Judge Daly considered the evidence presented and concluded that Plaintiff failed to establish the elements required to obtain a preliminary injunction (*see* Doc. 47). Specifically, Judge Daly found that Plaintiff's likelihood of success on the merits of his Eighth Amendment claim is low because he cannot show that the Defendants acted with deliberate indifference to his serious needs. Judge Daly also found that Menard Officials have repeatedly investigated Plaintiff's concerns regarding his safety and assessed that a prison transfer was not warranted.

## Discussion

The undersigned must undertake a *de novo* review of the Judge Daly's recommendation to deny Plaintiff's motion for preliminary injunction because a timely objection was filed. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights,* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper,* 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Fahenm-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, Plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Unions of Ill. v. Alvarez,* 679 F.3d 583, 589-90 (7th Cir. 2012).

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

Plaintiff generally objects to Judge Daly's finding that he is not in imminent danger. He contends that Defendants have not shown any facts or proof that Plaintiff took part in the alleged violations. Plaintiff further asserts that if a preliminary injunction is not granted, he will likely be harmed at some point by other inmates.

Here, there is no evidence that Plaintiff will suffer irreparable harm if the injunction is

not granted.  Plaintiff is currently housed in disciplinary segregation and will remain there until August 2017.  There have been no incidents since March 2016.  It is well-established that preliminary injunctions are an "extraordinary and drastic remedy" requiring the movant to demonstrate its justification by a clear showing.  *Mazurek,* 520 U.S. at 972.  Plaintiff has failed to meet his burden.

Plaintiff also challenges Judge Daly's findings that he was an active participant in the three altercations.  During *Pavey* hearings, a court can make findings of fact and credibility assessments of witnesses.  *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011).  Magistrate judges stand in the best position to assess a witness's credibility because they have the opportunity "to observe the verbal and nonverbal behavior of the witnesses . . . [including their] reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements."  *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052-53 (7th Cir. 1995). The Court finds no reason to second-guess Judge Daly's factual determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations").  After thoroughly reviewing the record before it, the Court agrees with Judge Daly's analysis and conclusions.

For the foregoing reasons, the Court **ADOPTS** Judge Daly's Report and Recommendation (Doc. 47).  Plaintiff's motions for preliminary injunctions (Docs. 7, 10, and 33) are **DENIED.**

**IT IS SO ORDERED.**

**DATED:  December 19, 2016**

<u>**s/ Staci M. Yandle**</u>
**STACI M. YANDLE**
**United States District Judge**