# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN CURRY | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-CV-820-SMY-RJD |
| KIMBERLY BUTLER, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Steven Curry's Appeal of Magistrate Judge Decision to District Court Judge (Doc. 122). Curry appeals Magistrate Judge Daly's denial of his request for counsel (Doc. 114). For the following reasons, Curry's appeal is **DENIED** and Judge Daly's ruling is **AFFIRMED**.

There is no constitutional or statutory right to court-appointed counsel in a federal civil case. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Nevertheless, 28 U.S.C. § 1915(e)(1) permits a court, in its discretion, to ask lawyers to represent indigent litigants on a volunteer basis. In deciding whether to recruit counsel, a court must first inquire whether the plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so. *Pruitt*, 503 F.3d at 654–55. Then the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate the case on his or her own. *Id.*

Here, Curry's appeal relates to the second question—whether he is competent to litigate his *pro se* claim which challenges the conditions of his prison confinement and alleges that he was not protected from hostile inmates. Curry appeals Judge Daly's determination that he is competent to handle his case and believes that the appointment of counsel is necessary because

he has no legal experience with deposition preparation or discovery.

While Curry would like an attorney to prepare him for depositions and discovery, the same can undoubtedly be said for all prisoner plaintiffs. However, this Court does not have the ability to recruit counsel for each and every *pro se* plaintiff. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), *reh'g denied* (May 16, 2014). Thus the question is not whether Curry would like an attorney to assist him, but rather has he demonstrated the competence to represent himself at this juncture. Upon review of the record, the Court Agrees with Judge Daly's conclusion.

In reviewing a magistrate judge's ruling on a non-dispositive matter, a district judge should not disturb the ruling unless it is contrary to law or clearly erroneous. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); SDIL-LR 73.1(a). The Court finds that Magistrate Judge Daly's ruling was neither clearly erroneous nor contrary to law. Accordingly Curry's appeal is denied.

**IT IS SO ORDERED.**

**DATED: April 19, 2017**

                                        **s/ Staci M. Yandle**
                                        **STACI M. YANDLE**
                                        **United States District Judge**