IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN CURRY, R09761 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-00820-SMY-RJD |
| | ) | |
| KIMBERLY S. BUTLER, | ) | |
| WILLIAM A. SPILLER, | ) | |
| KENT E. BROOKMAN, | ) | |
| TODD BROOKS, | ) | |
| SHAUN GEE, | ) | |
| BRANDON ANTHONY | ) | |
| and CORY BUMP | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

DALY, Magistrate Judge:

Now before the Court are several discovery related motions filed by plaintiff Steven Curry. Each will be addressed in turn.

First, Curry filed a "Motion for Order Compelling Disclosure or Discovery." (Doc. 118). In the motion Curry seeks the production of various IDOC records. Neither party submitted the actual requests for production or defendants' responses thereto, but the defendants' filed a response in opposition (Doc. 129) and so the Court will proceed to the merits of the motion. On a related note, Curry's discovery requests appear to blur the line between interrogatories and requests for production. The Court will construe the discovery requests as requests for production, and Curry will be directed to resubmit the discovery request if it is drafted as an interrogatory.

1

At ¶ 9, Curry seeks the institutional directives that concern the monitoring of inmates categorized as black stripers. The defendants shall produce such records so long as the records do not threaten institutional safety.

At ¶ 10, Curry seeks the IDOC protective custody regulations. The defendants shall either produce the records, or contact the Menard law library and ensure that the records are available to plaintiff.

At ¶ 11, Curry requests "plaintiff living unit [sic] since being in Menard Correctional Center." To the extent such a document exists, the defendants shall produce it. If such a document does not exist, Curry may submit the request in the form of an interrogatory.

At ¶ 12, Curry seeks "any video footage that can be saved on the following dates June 7, 2016, June 9, 2016, June 10, 2016 in North 2 segregation unit." If such surveillance footage exists, the defendants are ordered to preserve it. The Court will entertain suggestions as to how the footage may be viewed by Curry.

At ¶ 13, Curry asks the defendants to identify and provide supporting documentation as to the confidential informants that were used in issuing him the disciplinary reports. Due to institutional security reasons, the defendants' objections are sustained.

At ¶ 14, Curry seeks photographs of the multipurpose building washroom, camera locations, and the locations of correctional officers' stations. Due to institutional security reasons, the defendants' objections are sustained.

At ¶¶ 15 through 21, Curry requests "any and all grievance and internal investigation files" regarding defendants Butler, Brooks, Bump, Brookman, Gee, Spiller and Anthony. The Court agrees with the defendants in that the requests are overbroad and that the documents, if they exist, would be of little probative value. The defendants' objections are sustained.

At ¶ 22, Curry asks for all incident reports that occurred in the Menard gym from January 14, 2015, until March 5, 2017, that dealt with inmate assaults or Security Threat Group activity. This request is overbroad, of questionable relevance, and will likely implicate potential security issues. Defendants' objections are sustained.

At ¶ 23, Curry seeks "descriptions and duty's [sic] of internal affairs [series of numbers]." It is not clear what plaintiff is requesting, but the request is worded more so as an interrogatory than a request for production. The defendants are not obligated to respond to the request, but Curry is free to resubmit the request as an interrogatory.

At ¶ 24, Curry seeks his "disciplinary ticket history since being in IDOC." If the defendants maintain a disciplinary report summary sheet, they shall produce it. Otherwise, the defendants shall produce all of Curry's disciplinary reports since his arrival at Menard.

The defendants shall supplement their responses in accordance with this order no later than **June 27, 2017.**

Next, Curry's Motion for Sanctions (Doc. 128) is denied. Curry states in his motion that defendant Todd Brooks provided a false response to one of plaintiff's requests to admit. In Curry's request to admit No. 1, he states: "Admit that on February 12, 2016 you were the assistant warden of programs at Menard Correctional Center." Brooks responded, "Deny. I was not the Assistant Warden of Menard Programs on February 12th, 2016." (Doc. 116). Curry asserts that Brooks' response is a falsehood because an Illinois Department of Corrections management pamphlet lists Brooks as "Asst. Warden-Programs." (Doc. 119, p. 22). However the document is dated "4/23/15." Thus, the document does not directly contradict Brooks' denial, and Curry does not provide any other evidence that the denial is deceitful.

Curry also states that a response to a request to admit provided by defendant Brandon Anthony contradicts statements provided by Anthony at the March 27, 2017 preliminary injunction hearing.  The Court cannot issue a ruling on this dispute because Anthony has not yet filed his responses to Curry's requests to admit at Doc. 41, nor did Curry attach the responses to his motion.  Pursuant to Local Rule 26.1(b), requests for admissions and responses thereto are required to be filed with the Court.  The responses Anthony filed at Doc. 115 address Curry's second set of requests to admit that are filed at Doc. 96.  Anthony is ordered to file the responses to the earlier requests to admit (those filed by Curry at Doc. 41) within the next seven days.  Curry may then refile the instant motion if he so chooses.  Curry is advised to review Rule 37(c) of the Federal Rules of Civil Procedure prior to refiling.

Curry's Motion for Subpoenas (Doc. 126) is granted.  The Clerk shall provide Curry with three (3) blank (not signed / not issued) forms for a "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (AO 088B)."  When filling out the form(s), Curry shall ensure a reasonable time for a response to the subpoena by marking the "Date and Time:" field as follows: "14 days after receipt."  Curry will be responsible for making any additional copies of the forms.  No additional AO 088B forms will be provided.  Curry must return the completed form(s) to the Clerk for Court approval (the Court has an obligation to ensure that its subpoena power is not being abused).  Plaintiff is also directed to review Rule 45 of the Federal Rules of Civil Procedure.

Curry's Motion to Compel at Doc. 127 states that he served a second set of requests to admit on defendants Anthony, Spiller, Gee and Bump, but only Anthony has filed a response.  The docket sheet reflects that Anthony filed his responses on April 4, 2017 at Doc. 115, and Bump filed his responses on April 17, 2017 at Doc. 124.  Furthermore, Curry's requests to admit

filed at Doc. 96 only show requests to admit directed to Anthony and Bump, but not Spiller or Gee. From these filings, it appears that the defendants responded to the requests to admit that were served. The motion to compel (Doc. 127) is therefore denied.

The Motion to Compel at Doc. 133 reiterates Curry's request for the defendants' employment record information, including previous prisoner lawsuits, demotions and disciplinary actions. These requests were previously addressed in relation to Doc. 118, and the issue is therefore moot.

Curry's most recent motion is a "Motion to Add Following Request in Production of Documents." (Doc. 136). Curry states that there is a factual dispute between him and the defendants as to whether Menard implements a policy of separating the black stripers and non-black stripers during yard time. Curry states that such a separation policy does exist, and the failure to comply with the policy lead to his assault in the multipurpose building bathroom. Curry therefore seeks Menard log sheets detailing black striper inmates' movements. However, it is unclear whether Curry has served such a request for production on the defendants, and Curry did not state that he has conferred in good faith with the defendants to resolve this issue without court action. The motion is denied, but Curry may refile a motion to compel after serving such a request for production on the defendants, and conferring with defendants on any discovery disputes prior to filing a future motion to compel.

SO ORDERED.

DATED: **June 6, 2017.**

*s/ Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**