IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN CURRY, R09761, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16-cv-00820-SMY-RJD |
| | ) |
| KIMBERLY S. BUTLER, | ) |
| WILLIAM A. SPILLER, | ) |
| KENT E. BROOKMAN, | ) |
| TODD BROOKS, | ) |
| SHAUN GEE, | ) |
| BRANDON ANTHONY and | ) |
| CORY BUMP, | ) |
| | ) |
| Defendants. | ) |

ORDER

DALY, Magistrate Judge:

Pending before the Court are multiple motions filed by Plaintiff Steven Curry. First, Curry filed a motion asking the Court to issue a subpoena *duces tecum* to Leah Bartelt requesting various documents associated with Menard Correctional Center ("Menard"). (Doc. 153). Curry indicated in a previous motion that Leah Bartelt is an Assistant Illinois Attorney General working in Chicago. Rule 45(c)(2) of the Federal Rules of Civil Procedure states, "A subpoena may command … production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Here, Curry seeks production of the documents at Menard and Bartelt is located in Chicago. Menard and Chicago are over 100 miles apart. The subpoena therefore violates Rule 45 and Curry's motion (Doc. 153) shall be **denied**.

Next, Curry filed a motion compel. (Doc. 154). Curry's motion to compel is **granted in part and denied in part**. In the motion, Curry asks the Court to order the Defendants to:

1

turn over documents by Defendant Bump and Gee when it comes to the interview that had with plaintiff [sic] which Bump was on February 14, 2016, Gee was on March 7, 2016 right on the gallery with other inmates around, IDOC keep separate from [sic], signatures of what prison official or department he went to obtain video footage, black striper institutional directives #05.03.104 policy, defendants Brooks and Butler answer my interrogatory questions, and the name of the prison official or department that has "storage and masterfiles" of plaintiff discovery request [sic].

(Doc. 154, p. 8). Defendants filed a response (Doc. 166), stating that they have supplemented their written discovery responses to include Curry's investigative interview with Bump, and that they shall provide any additional reports pertaining to Gee, if they exist. Additionally, Defendants state that no administrative or institutional directives exist pertaining to "keep separate from" procedures. Defendants also state that they have since provided interrogatory responses from Brooks and Butler. Finally, Defendants note that they are under no obligation to create new documents in response to a request for production. Curry then filed a reply (Doc. 184) to Defendants' Response. In his reply, Curry states that Defendants should be ordered to produce any IDOC policies and procedures involving the black striper program.

Upon review of the parties' filings, Defendants have properly responded to the majority of Curry's discovery requests. However, there are still some uncertainties as to the production of documents relating to the black striper program. Within the next 21 days, Defendants shall produce to Plaintiff all policies, procedures and administrative directives involving the "black striper" (weapons violator / staff assaulter) program and "keep separate from" programs. If the Defendants would like to withhold responsive documents on the basis that disclosure would compromise institutional security, Defendants shall specify which documents are being withheld,

and describe the documents in general terms.  Defendants shall then file a notice of compliance with the Court stating which documents are being withheld.

Curry's next motion (Doc. 157) is titled "Plaintiff['s] request on the 'Status' of my 'objections' regarding motions  (Doc. 137) (Doc. 127) (Doc. 128)."  This motion is **granted** to the extent that any motions not yet ruled on will be addressed in due course.  In the future, if Curry would like to appeal a decision of the magistrate judge to the district court judge, he should be sure to title the motion "Appeal of Magistrate Judge Decision" and specify which order or orders he would like to appeal.

At Doc. 159, Curry filed a motion titled "Plaintiff request[s] this court send me [sic] the interrogatories that I requested to add on Defendants (Doc. 143)."  Curry's motion is **denied**.  Plaintiff was previously notified that the Court does not provide free copies of documents, and that documents submitted to the Court may be purchased for $0.50 per page.  If Curry would like to purchase copies of documents, he may contact the Court Clerk's office.

Next, Curry filed motions titled "Plaintiff request to dispose [sic] of non-part[y] member Matt Hartman with written deposition under rule 31" (Doc. 160) and "Plaintiff request that non-part[y] member Matt Hartman be subpoenaed under Rule 45" (Doc. 162).  Both motions are **denied**.  Curry asks the Court to allow him to take the written deposition of Matt Hartman and to issue him a subpoena *duces tecum* for IDOC documents related to the black striper program.  Matt Hartman appears to be an Assistant Attorney General in the Illinois Attorney General's Office Public Access Bureau in Springfield.  Springfield, Illinois, is approximately 150 miles from Chester, Illinois, where Menard is located.  Again, issuing such a subpoena would violate Rule 45.  Curry's motion is therefore denied.  Furthermore, issuing a subpoena to Hartman

appears to be unnecessary because the documents requested should be available from the IDOC Defendants.

At Doc. 163, Curry filed another motion to compel. The motion seeks the production of documents pertaining to IDOC black striper and "keep separate from" policies. The Court will address this motion to compel in the same manner as Curry's previous motion to compel (Doc. 154). The motion is **granted in part and denied in part**. Within the next 21 days, Defendants shall produce all policies, procedures and administrative directives involving the "black striper" (weapons violator / staff assaulter) program and "keep separate from" programs. If the Defendants would like to withhold responsive documents on the basis that disclosure would compromise institutional security, Defendants shall specify which documents are being withheld, and describe the documents in general terms. If documents are withheld on the basis of institutional security, Defendants shall identify those documents in its notice of compliance.

Curry then filed a motion titled "Plaintiff response regarding moving forward with deposing non-part[y] members." (Doc. 165). Curry states that he would like to depose Courtney Meyers (Mental Health Caseworker at Menard), Anthony Williams (Mental Health Caseworker at Menard) and Matt Hartman (aforementioned Assistant Illinois Attorney General). Defendants filed a response to Curry's motion (Doc. 175), stating that arrangements could be made to depose Meyers and Williams, but Defendants are unwilling to split the costs with Curry. Curry's motion is **granted in part and denied in part**. Curry shall be permitted to depose Courtney Meyers and Anthony Williams. However, Defendants are not required to split the costs of the depositions with Curry.

Curry should be aware depositions are not cheap. Pursuant to 28 U.S.C. § 1821, deponents are entitled to $40 per day in witness fees. A court reporter will also need to be

present and court reporters charge an attendance fee. After the deposition, the court reporter will charge a fee to purchase a copy of the deposition transcript. Curry should expect to pay several hundred dollars per deposition. The parties are directed to confer and work out arrangements so that Curry can depose the two witnesses (Meyers and Williams). The Court will not compel the deposition of Matt Hartman. As previously noted, Hartman is employed in the Springfield area. As such, the Court will not compel his attendance at a deposition at Menard.

At Doc. 167, Curry filed a motion titled "Plaintiff request that the following discovery request that was denied because of safety and security reasons (Doc. 137) be reviewed under a protective order rule 26." On June 6, 2017, the undersigned issued a Court order (Doc. 137) ruling on Curry's "Motion for Order Compelling Disclosure or Discovery" (Doc. 118). Several of the discovery requests were denied on the basis that the production of responsive documents may implicate institutional security concerns. However, it is unclear whether the Defendants did in fact withhold responsive documents on the basis that the production of those documents would threaten institutional security. Plaintiff's motion is **granted** to the extent that Defendants shall specify whether any institutional policies, procedures or administrative directives are being withheld on the basis of security concerns. Defendants shall then state in general terms what information is included in the document. The remainder of Plaintiff's motion is denied and the Court will not conduct an *in camera* review of IDOC documents at this time.

Next, Curry filed a motion titled "Plaintiff is filing a notice on the importance of having Matt Hartman subpoenaed and depose of [sic] as a non-part[y] under rule 45 and 31." (Doc. 168). As previously noted, Hartman is located in Springfield and Curry is located at Menard. A subpoena issued to Hartman requiring attendance or the production of documents at Menard would be improper. The motion (Doc. 168) is **denied**.

5

At Doc. 169 filed "Plaintiff['s] motion requesting an order stating how the deposition will be taken." (Doc. 169). Curry asks the Court to issue an order directing that the deposition costs be split among the parties and for the Court to instruct the parties as to the manner in which the depositions will take place. In a subsequent filing (Doc. 175), Defendants state that they are unwilling to split the deposition costs but that they could make Williams and Meyers available to be deposed. Curry's motion is **granted in part and denied in part**. The parties are ordered to confer and agree on the logistics of deposing Williams and Meyers. A court reporter shall be present at the depositions so that a transcript can be produced. If Curry would like to go forward with the depositions, the Defendants are not obligated to split the costs. If Curry lacks the funds in his prison trust fund account to pay for a court reporter, the Defendants need not schedule the depositions.

Moving forward, at Doc. 171 Curry filed the motion "Plaintiff['s] motion concerning Defendants['] difficulty regarding this discovery phase." In this motion, Curry argues the merits of his case and then reiterates his previously stated discovery disputes. It is not quite clear what Curry is requesting in the motion. Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, a motion filed with the court must "state with particularity the grounds for seeking the order; and … state the relief sought." Curry's motion is **denied.** If he would like to file a motion to compel in the future, he should comply with Rule 7 of the Federal Rules of Civil Procedure.

Next, at Doc. 173 Curry filed "Plaintiff['s] motion requesting Defendant Bump['s] interrogatories under rule 33 be used against him and allowed as evidence under rule 26 discovery." Rule 33(c) of the Federal Rules of Civil Procedure states, "[a]n answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence." Generally, an interrogatory response provided by an adverse party is admissible against that party.

6

Furthermore, interrogatory responses may be used for impeachment purposes when a party provides inconsistent testimony at trial. Here, however, the parties are currently in the discovery process, and it would be premature to make an evidentiary ruling addressing the use at trial of Defendant Bump's interrogatories. Curry's motion is **denied**.

At Doc. 178, Curry filed a motion titled "Plaintiff['s] motion to request that legal mail be sent through regular mail." Curry states that Menard participates in the e-filing system. Because Curry does not have a computer in his prison cell, Curry must rely on the Menard law library employees to print out and deliver Court filings. Instead of receiving documents through e-filing, Curry requests the Court to send him filings through regular mail. Curry states in his motion that he has experienced lengthy delays in receiving court filings due to the fact that Menard is often on lockdown. Furthermore, Curry states that he is being harassed by other inmates and being labeled a "snitch" because inmate law clerks have shared his legal filings with fellow prisoners.

Curry's motion is **granted in part and denied in part**. Curry shall continue to receive Court filings through the e-filing system. However, the Defendants are ordered to file a response to Curry's motion. In their response, Defendants shall verify whether Curry is receiving his Court filings on a weekly basis. If not, Defendants shall explain why he is not receiving his filings. Additionally, Defendants shall respond to Plaintiff's assertion that inmate law clerks are sharing his legal filings with other prisoners. Although this case is not proceeding under seal and court filings are public records, *see, e.g., Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("It is beyond dispute that most documents filed in court are presumptively open to the public"), inmates should be able to pursue non-frivolous litigation protesting their conditions of

confinement without needless harassment. Defendants shall file their response to Curry's motion within the next 21 days.

Next, Curry filed "Plaintiff['s] motion requesting that the clerk send me copys [sic] of Doc. 142 and Doc. 143." (Doc. 179). The motion is **denied**. If Curry would like to purchase copies of documents, he may contact the Court Clerk's office.

Finally, the Court must note that many of Plaintiff's filings are very difficult to read and almost illegible. Moving forward in this case, Curry is informed that he needs to improve his penmanship. Curry is hereby warned that future filings may be stricken if he continues to write in such a manner.

**IT IS SO ORDERED.**

**DATED:  September 22, 2017.**

*s/Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**