# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN CURRY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-CV-820-SMY-RJD |
| KIMBERLY S. BUTLER et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge**

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Reona J. Daly, recommending that Plaintiff's motions for preliminary injunctive relief (Docs. 59, 71 and 81) be denied (Doc. 150). Plaintiff filed a timely objection (Doc. 158). For the following reasons, the Court **ADOPTS** Judge Daly's R&R in its entirety.

### Background

Plaintiff Steven Curry, an inmate currently incarcerated at Menard Correctional Center ("Menard"), filed this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He seeks monetary and injunctive relief in the form of a transfer to another prison facility for failure to protect and deliberate indifference to his safety pursuant to the Eighth and Fourteenth Amendments.

Curry is currently housed in a single-man cell in the segregation unit. He alleges that he has received threats from members of the Black Disciples, a prison gang. The first incident occurred in January 2015 when Curry received an unaddressed threatening letter. The next incidents occurred in February 2016 when Curry was involved in two separate altercations with members of the Black Disciples. The final incident took place in March 2016 when Curry was

involved in an altercation with another inmate. All three altercations resulted in Curry receiving segregation.

In addition, Curry asserts that Menard is frequently on lockdown resulting in delays receiving legal mail, that he has been subjected to multiple unwarranted shakedowns of his cell, and that he continues to receive threats from other inmates. Following an evidentiary hearing on Curry's motions, Judge Daly issued her R&R.

The R&R details the nature of the evidence presented by the parties as well as the applicable law. Judge Daly considered the evidence and concluded that Curry failed to establish the elements required to obtain a preliminary injunction (*see* Doc. 150). Specifically, Judge Daly found that Curry's likelihood of success on the merits of his Eighth Amendment claim is low because he cannot show that the defendants acted with deliberate indifference to his serious needs. Judge Daly also found that Menard officials have repeatedly investigated Curry's concerns regarding his safety and reasonably determined that a prison transfer was not warranted.

Since Curry filed a timely objection, the undersigned must undertake a *de novo* review of Judge Daly's recommendation to deny Curry's motions for preliminary injunction. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights,* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper,* 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the

magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788. Consistent with these standards, the Court has reviewed Judge Daly's R&R *de novo*.

## Discussion

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Fahenm-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, Curry has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Unions of Ill. v. Alvarez,* 679 F.3d 583, 589-90 (7th Cir. 2012).

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

Despite his lengthy response in opposition, Curry does not make specific objections to the Report and Recommendation. Rather, he generally objects to Judge Daly's finding that he is

not in imminent danger – asserting that if a preliminary injunction is not granted, he will likely be harmed at some point by other inmates. Curry does, however, challenge Judge Daly's findings that he was not a credible witness during the evidentiary hearing.

During hearings over which they preside, judges, including magistrate judges, are obviously in a position to assess a witness's credibility because they have the opportunity "to observe the verbal and nonverbal behavior of the witnesses . . . [including their] reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052-53 (7th Cir. 1995). Here, the Court finds no reason in the record to second-guess Judge Daly's credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations").

The Court also agrees with Judge Daly's finding that there is no evidence that Curry will suffer irreparable harm if the injunction is not granted. Prison officials have repeatedly investigated Curry's concerns and, due to his placement in segregation, his interactions with other inmates are limited. Further, it has been over a year since Curry was in any physical altercation. It is well-established that preliminary injunctions are an "extraordinary and drastic remedy" requiring the movant to demonstrate its justification by a clear showing. *Mazurek,* 520 U.S. at 972. Curry has failed to meet his burden.

After thoroughly reviewing the record before it, and for the foregoing reasons, the Court agrees with Judge Daly's analyses and conclusions and **ADOPTS** her Report and Recommendation (Doc. 150). Accordingly, Plaintiff's motions for preliminary injunctions (Docs. 59, 71, and 81) are **DENIED.**

**IT IS SO ORDERED.**

**DATED: November 6, 2017**

                <u>**s/ Staci M. Yandle**</u>
                **STACI M. YANDLE**
                **United States District Judge**