# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN CURRY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-CV-820-SMY-RJD |
| KIMBERLY BUTLER et al., | ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 249), recommending the denial of the Motion for Summary Judgment filed by Defendants Kent Brookman, Cory Bump, Shaun Gee, and William Spiller (Doc. 241). Defendants filed a timely objection (Doc. 15)[1]. For the following reasons, Judge Daly's Report and Recommendation is **ADOPTED**.

### Background

Plaintiff Steven Curry was incarcerated at Menard Correctional Center ("Menard") from August 2013 until April 2018. At some point prior to his incarceration at Menard, Plaintiff was affiliated with the Black Disciples gang, but later cut ties with them. In January 2015, Plaintiff received a threatening letter through the regular mail that referred to Plaintiff as a "homo rapist" and told him to check into "PC" (protective custody). The letter also stated, "see you as soon as you get out of seg" and was signed "The Boyz".

---

[1] Judge Daly granted the Motion with respect to Plaintiff's Eighth Amendment claim against Defendants Brandon Anthony, William Rees, and Anthony Williams and found Plaintiff's claim for injunctive relief against Kimberly Butler moot. Plaintiff has not objected to Judge Daly's Report. Accordingly, Plaintiff's claims against Defendants Anthony, Rees, Williams, and Butler are **DISMISSED with prejudice** and the Clerk of Court is directed to enter judgment accordingly at the close of this case.

On February 12, 2016, four inmates affiliated with the Black Disciples gang (inmates Tucker, Hoskins, Brown and Willis) attacked Plaintiff in the gym washroom. Plaintiff did not notify anyone of assault until after he was assaulted a second time by Tucker and Hoskins on February 13, 2016 while walking in the chow line.

Defendants interviewed Plaintiff following the assaults. Plaintiff made a request to each defendant to either be transferred or to be kept separate from the inmates who attacked him. Inmates on a keep separate from list may be housed in the same cellhouse but should not be on the same gallery. Despite his requests, Plaintiff remained on the same gallery as Brown, Willis, Tucker, and Hoskins. Defendants also did not place the inmates on Plaintiff's keep separate from list.

On March 27, 2016, Plaintiff and Tucker were in the prison yard. Although they were separated by a fence, they could still see and hear each other. Plaintiff heard Tucker yell at another inmate, inmate Taylor, to "take care of that business." Inmate Taylor then assaulted Plaintiff. Plaintiff did not know Taylor before the attack but later learned that he was a member of the Black Disciples gang.

In her Report, Judge Daly found that there was evidence Plaintiff had requested to be kept separate from Tucker, Hoskins, Brown and Willis, but was never fully separated from them. She also found that there was enough evidence in the record to establish that Defendants Spiller, Bump, Brookman, and Gee had knowledge of the assaults carried out by inmates Tucker, Hoskins, Brown and Willis, and thus, Defendants were not entitled to summary judgment on Plaintiff's Eighth Amendment failure to protect claim.

## Discussion

The undersigned must undertake a *de novo* review of the Report because a timely objection was filed. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas*

*v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials "take reasonable measures to guarantee the safety of inmates." *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (other citations omitted)). To succeed on a failure to protect claim, a plaintiff needs to show: (1) he was incarcerated under conditions posing a substantial risk of serious harm and, (2) that prison officials acted with deliberate indifference to that risk. *Id.*

With respect to the first element, a plaintiff must show not only that he experienced, or was exposed to, a serious harm, but also that there was a substantial risk beforehand that serious harm might actually occur. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). The second element is more difficult for a plaintiff to demonstrate and requires an inquiry into a defendant's state of mind. *Farmer*, 511 U.S. at 847. In particular, a prison official may be held liable only if he knows an inmate faces a substantial risk of serious harm and "disregards that risk by failing to take reasonable measures to abate it." *Id.* "In cases involving inmate-on-inmate violence, 'a prisoner normally provides actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety'." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Defendants object to Judge Daly's conclusion that there was sufficient evidence they knew of and disregarded a threat to Plaintiff. Specifically, Defendants contend there was no basis to keep Plaintiff off the same gallery as the other inmates and that Plaintiff was not necessarily at a

risk of harm by being housed near some of his enemies.  Defendants also assert that there is no evidence Plaintiff was harmed as a result of being housed near his enemies.

Viewing the facts in the light most favorable to the Plaintiff, genuine issues of material fact exist regarding whether Defendants failed to respond to a known danger of assault that was brought to their attention by Plaintiff and therefore failed to take reasonable steps to protect him.  The evidence establishes that Plaintiff requested to be kept separate from inmates Hoskins, Tucker, Brown and Willis following the February 2016 assault.  Despite his requests, Plaintiff and his attackers remained housed on the same gallery and Defendants failed to place those individuals on Plaintiff's keep separate from list.  Because of Plaintiff's proximity with his attackers, Tucker was able to direct another inmate to attack Plaintiff.  When viewed as a whole, this evidence is sufficient to defeat summary judgment.

After thoroughly reviewing the record before it, the Court finds Judge Daly's factual findings and analysis to be thorough and accurate and **ADOPTS** her Report and Recommendation (Doc. 249) in its entirety.  Accordingly, Defendants' Motion for Summary Judgment (Doc. 241) is **DENIED** as to Defendants Spiller, Gee, Brookman, and Bump.

**IT IS SO ORDERED.**

**DATED:  February 25, 2019**

s/ Staci M. Yandle  
**STACI M. YANDLE**  
**United States District Judge**
